IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JEREMIAH LEE PARKER, #445560** | * |
| **Plaintiff,** | |
| v. | * CIVIL ACTION NO. PWG-16-1171 |
| **WARDEN PHILIP MORGAN** | * |
| **WARDEN RICHARD DOVEY** | |
| **DPSCS** | * |
| **Defendants.** | |
| | ***** |

## MEMORANDUM

On April 20, 2016, the court received a 42 U.S.C. § 1983 complaint from Jeremiah Lee Parker, an inmate housed at the Maryland Correctional Training Center ("MCTC"). ECF No. 1. Parker sues the Wardens at MCTC and the Maryland Correctional Institution in Hagerstown, Maryland ("MCIH"), as well as the Maryland Department of Public Safety and Correctional Services ("DPSCS"), seeking $20,000.00 in damages. He alleges that his father was serving a life sentence at MCTC and passed away in state custody at MCIH. Parker claims that as his father's "only living kin," he filed an application and was able to claim the body, which is being retained in the anatomy board morgue, but was denied his claim for his father's property and assets. The court will grant Parker's motion for leave to proceed *in forma pauperis*, but shall summarily dismiss his 42 U.S.C. § 1983 complaint.

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). Yet 28 U.S.C. § 1915A provides for screening of any complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental

entity." *See McLean v. United States*, 566 F.3d 391, 394 (4th Cir. 2009); 28 U.S.C. § 1915A(a). Before permitting the case to move forward or requiring a response from the defendants, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b); *see also Williamson v. Angelone*, 197 F. Supp. 2d 476, 478 (E.D. Va. 2001); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). The screening is necessary to determine whether the defendants should be required to respond to the action. A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Parker alleges that he has been denied access to his father's property and assets. But he fails to allege how the named Defendants were involved in the alleged denial, or to show how the refusal to give him access to the property violated his constitutional rights. Sufficient due process is afforded an inmate if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U.S. 527, 542–44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy. *See Juncker v. Tinney*, 549 F.Supp. 574, 579 (D. Md. 1982).[1] The Supreme Court extended its *Parratt* holding to intentional deprivations of property. *See Hudson v.*

---

[1] Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker*'s reliance on *Parratt* in dismissing the plaintiff's due process claim.

2

*Palmer*, 468 U.S. 517, 533 (1984). Therefore assuming that Parker has been denied access to his father's estate, such a claim does not rise to a constitutional violation. This administrative estate claim is a state court matter,[2] not a federal case. A separate order follows dismissing the case.[3]

Date: May 12th, 2016

Paul W. Grimm
United States District Judge

---

[2] There is some question as to whether Parker would be granted a testamentary letter or a letter of administration from a court or register. Under Md. Code Ann., Estates & Trusts, § 5-105(b)(3) (2011 Repl. Vol.), a person "convicted of a serious crime" is excluded from being granted a letter. According to the state court docket, Parker was convicted of two counts of conspiracy to commit a first-degree burglary, and one count of conspiracy to commit theft under $100,000.00 in the District Court for Garrett County. *See State v. Parker*, Case Nos. 1X00023633, 5X00023616, 6X00023631 (District Court for Garrett County). *See* http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis. As the Court is without jurisdiction to rule on what is essentially a state court matter, it need not offer an opinion as to whether Parker may be granted a testamentary letter or letter of administration of his father's estate.

[3] Parker is advised that while there is no federal forum to seek redress for his inability to retrieve his father's property and assets, he may avail himself of state remedies by filing a claim in the state courts.